MICHAEL J. HARKER, ESQ.
Nevada Bar No. 005353
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
Mharker@harkerlawfirm.com
(702) 248-3000
Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DONNA MORGAN, an individual.<br><br>              Plaintiffs,<br>vs.<br><br>MICHAEL BASH, an individual; JEREMY BASH, an individual; JANICE MCCOWN an individual; BERKLEY ENTERPRISES, INC., a Nevada Corporation; PEPPERDINE ENTERPRISES, INC., a Nevada Corporation; NINETY FIVE FORT APACHE COMPLEX, LLC., a Nevada Limited Liability Company; ROYAL VIEW LLC., a Nevada Limited Liability Company; and DOES I through XX inclusive,<br><br>              Defendants. | Case No.: 2:19-cv-00546-JAD-BNW<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

      COMES NOW MICHAEL J. HARKER, ESQ., and hereby submits the underlying MOTION TO WITHDRAW AS COUNSEL.

      This Motion is made and based on N.R.C.P. 1.16, FCR 46, the points and authorities and affidavit of MICHAEL J. HARKER, ESQ., attached hereto and incorporated herein.

/ / /

/ / /

1                                   bash.morgan.mot2with07.19.mw.wpd

## AFFIDAVIT OF MICHAEL J. HARKER, ESQ.

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

I , MICHAEL J. HARKER, having been duly sworn, deposes and states as follows:

1. Your affiant is the attorney of record for all Defendants in the above captioned matter, is personally familiar with the facts and circumstances surrounding this matter and is competent to testify as hereinafter set forth.

2. That your affiant is an Attorney duly licensed to practice law in the State of Nevada and is admitted to practice law before all Courts in the State of Nevada including Federal District Court.

3. That at this point in time, your affiant is requesting that he be allowed to withdraw from the underlying action.

4. That specifically, communications between your affiant and Defendants have broken down to such a degree that your affiant can no longer represent the Defendants.

5. That additionally, there is a great amount of confusion as to what individuals actually have the authority to represent the corporate Defendant.

6. That additionally, your affiant has had very little communication with the individual Defendant as well.

7. That furthermore, a State Court Receiver has been appointed in case #A-19-794172-B which includes corporate Defendant Royal View LLC.

8. That your affiant is also concerned about his authority to even be able to represent Royal View considering the State Court has appointed a Receiver over Royal View LLC.

9. That notwithstanding, with the breakdown of communication, the lack of understanding as to authority and even the ability to received compensation, your affiant is requesting that the Court grant an Order allowing him to withdraw from the case.

10. That your affiant has apprised his clients of both the Motion for a Writ of Attachment as well as the most recent Motion for Summary Judgment and has received no response regarding the same.

11. That obviously your affiant does not feel he can adequately represent the Defendants.

FURTHER YOUR AFFIANT SAYETH NOT

/s/ Michael J. Harker
**MICHAEL J. HARKER, ESQ.**

Subscribed and sworn to before
me this 1st day of July, 2019.

/s/ Mandi Wonders
NOTARY PUBLIC in and for
said County and State of Nevada



MANDI WONDERS
Notary Public, State of Nevada
Appointment No. 05-99307-1
My Appt. Expires Apr 8, 2021

MICHAEL J. HARKER, ESQ.
2901 El Camino Ave., #200
Las Vegas, Nevada 89102
(702) 248-3000 - Fax 425-7290

3

bash.morgan.mot2with07.19.mw.wpd

## POINTS AND AUTHORITIES

Supreme Court Rule 46 provides:

"The attorney in an action or a special proceeding may be changed at any time before judgment or final determination as follows:

1. Upon the consent of the attorney by the client.

2. Upon an order of the Court or Judge thereof on the application of the attorney or client.

The code of professional responsibility DR2.110(c)(1)(d) provides that an attorney may seek to withdraw from representation of a client when the client, through his conduct, "renders it unreasonably difficult for the lawyer to carry out his employment effectively." EDCR 7.40(b)(2)(I) reads as follows:

"(b) Counsel in any case may be changed only...

(2) when no attorney has been retained to replace the attorney withdrawing only by order of the court at such time as may be fixed by the Court.

(I) if the application is made by the attorney, he shall include in an affidavit the address or last known address at which the client may be served of further proceedings taken in the case in the event that the application for withdrawal is granted, and he shall serve a copy of the application upon the client and all other parties to the action or their attorneys."

/ / /

4

bash.morgan.mot2with07.19.mw.wpd

## CONCLUSION

Based on the facts set forth in the attached Affidavit, MICHAEL J. HARKER, ESQ., should be allowed to withdraw as attorney for record for all Defendants. The last known address and telephone number for Defendants are:

Sky Point Ninety Five LLC.
2799 E. Tropicana Ave., Ste H
Las Vegas, NV 89121

Robert Ford
    rf702@yahoo.com

RESPECTFULLY SUBMITTED this 1st day of July, 2019.

Law Office of Michael J. Harker, Esq.

  /s/ Michael J. Harker
**MICHAEL J. HARKER, ESQ.**
Nevada Bar No. 005353
2901 El Camino Ave., Suite 200
Las Vegas, Nevada 89102
Mharker@harkerlawfirm.com
(702) 248-3000

5

bash.morgan.mot2with07.19.mw.wpd