LAWRENCE J. HILTON (pro hac vice)
lhilton@onellp.com
One LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA  92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

David R. Koch (NV Bar #8830)
dkoch@kochscow.com
KOCH & SCOW LLC
11500 S. Eastern Avenue, Suite 210
Henderson, NV  89052
Telephone:   (702) 318-5040
Facsimile:   (702) 318-5039

Attorneys for Plaintiff
DONNA MORGAN

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DONNA MORGAN, an individual, | Case No. 2:19-cv-00546-JAD-BNW |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF;  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| MICHAEL BASH, an individual; JEREMY BASH, an individual; JANICE MCCOWN, an individual; BERKLEY ENTERPRISES, INC., a Nevada corporation; PEPPERDINE ENTERPRISES, INC., a Nevada corporation; NINETY-FIVE FORT APACHE COMPLEX, LLC, a Nevada limited liability company; ROYAL VIEW, LLC, a Nevada limited liability company; and DOES 1 through 20, inclusive, | **[DECLARATIONS OF LAWRENCE J. HILTON AND DONNA MORGAN FILED CONCURRENTLY HEREWITH]** |
| Defendants. | Complaint Filed:      April 1, 2019 |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiff Donna Morgan ("Plaintiff" or "Morgan") hereby moves this Court for partial summary judgment on the Third and Fourth Claims for Relief asserted in her Complaint against Defendants Michael Bash and Jeremy Bash (collectively, the "Bash Defendants").

This Motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7-2 and 56-1 on the grounds that there are no genuine issues of material fact as to the Bash Defendants' liability on the Third and Fourth Claims for Relief and that Plaintiff is entitled to partial summary judgment on those claims.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Lawrence J. Hilton and Donna Morgan, all matters of which the Court can properly take judicial notice, as well as the pleadings and papers on file in this case, and upon all such further evidence and argument as may be presented at the hearing on this matter and which the Court deems appropriate.


Dated:  August 13, 2020                    **ONE LLP**


                                           /s/ Lawrence J. Hilton
                                           Lawrence J. Hilton (pro hac vice)

                                           Attorneys for Plaintiff
                                           DONNA MORGAN

1

# **TABLE OF CONTENTS**

2

3

I.      INTRODUCTION. ...................................................................................... 1

4

II.     STATEMENT OF UNCONTROVERTED FACTS. ....................................2

5
        A.      The Bash Defendants Fail to Serve Responses to Requests for
                Admissions. .................................................................................... 2

6
        B.      Admissions by Michael Bash. ........................................................3

7
        C.      Admissions by Jeremy Bash. .........................................................4

8
III.    APPLICABLE LEGAL STANDARD. ......................................................6

9
        A.      Legal Standard for Motion for Partial Summary Judgment. ..........6

10
        B.      Liability Under California Securities Law. ....................................7

11
IV.     THERE IS NO GENUINE ISSUE OF MATERIAL FACT
        REGARDING THE BASH DEFENDANTS' LIABILITY UNDER

12
        THE THIRD AND FOURTH CLAIMS FOR RELIEF. ..............................8

13
        A.      Michael Bash's Liability as Control Person. .................................8

14
        B.      Jeremy Bash's Liability as Control Person. ................................ 10

15
V.      CONCLUSION. ...................................................................................... 11

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*California Amplifier, Inc. v. RLI Ins. Co.*,
   94 Cal. App. 4th 102, 113 Cal. Rptr. 2d 915 (2001) ..................................................7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................6

*Conlon v. United States*,
   474 F.3d 616 (9th Cir. 2007) ..................................................7

*Freaner v. Valle*,
   966 F. Supp. 2d 1068 (S.D. Cal. 2013) ..................................................6

*Moss v. Kroner*,
   197 Cal. App. 4th 860; 129 Cal. Rptr. 3d 220 (2011) ..................................................9

**Statutes**

CAL. CORP CODE § 25019 ..................................................7

CAL. CORP CODE § 25401 ..................................................7, 8, 9, 10

CAL. CORP CODE § 25410 ..................................................1

CAL. CORP. CODE § 25501 ..................................................1, 7, 8, 9

CAL. CORP CODE § 25504 ..................................................7, 8

**Other Authorities**

FED. R. CIV. P. 36..................................................1

FED. R. CIV. P. 36(a)(3)..................................................1, 2

FED. R. CIV. P. 56..................................................1, 6

FED. R. CIV. P. 56(a) ..................................................6

FED. R. CIV. P. 56(g) ..................................................6

L.R. 7-2 ..................................................1

L.R. 56-1 ................................................................................................................ 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.

Plaintiff Donna Morgan ("Plaintiff" or "Morgan") brings this Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7-2 and 56-1 on the grounds that there are no genuine issues of material fact as to the liability of the Bash Defendants on the Third and Fourth Claims for Relief asserted in the Complaint, for violations of California Corporations Code sections 25410 and 25501, and that Plaintiff is entitled to partial summary judgment on those claims.

Plaintiff alleges in her Complaint, among other things, that Defendants Jeremy Bash and Michael Bash (the "Bash Defendants") solicited her to make investments in real estate projects in Nevada that were under the control of the Bash Defendants.  The investments were purchases of limited liability company interests in two entities: Royal View, LLC ("Royal View") and Ninety-Five Fort Apache Complex, LLC ("Fort Apache").  Plaintiff further alleges that in soliciting Plaintiff to make the limited liability company investments, the Bash Defendants made untrue and misleading statements of fact.

In early June, Plaintiff served each of the Bash Defendants with requests for admissions under Rule 36 of the Federal Rules of Civil Procedure (the "RFAs"). The RFAs requested that each of the Bash Defendants admit that they made untrue and misleading statements of fact in connection with the sale of the Royal View and Fort Apache limited liability company interests, and that they were control persons of Royal View and Fort Apache.  Through their counsel, Jeremy Bash and Michael Bash requested (and were granted) multiple extensions of the deadline to respond to the RFAs.  However, no responses were served on the extended deadline, or at any time before the filing of this Motion.

Accordingly, pursuant to Federal Rule 36(a)(3), the RFAs served on the Bash Defendants are deemed admitted.  The effect of those admissions is that the material elements of Plaintiff's Third and Fourth Claims for Relief have been established,

and partial summary judgment as to the Bash Defendants' liability on those claims should be granted.

## II.    STATEMENT OF UNCONTROVERTED FACTS.

### A.    The Bash Defendants Fail to Serve Responses to Requests for Admissions.

1.     On June 9, 2020, Plaintiff served written discovery on each of the Bash Defendants.  (Declaration of Lawrence J. Hilton ("Hilton Decl.") ¶ 2.)

2.     The written discovery served on June 9, 2020 included the following: (a) Plaintiff Donna Morgan's Requests for Admission to Defendant Jeremy Bash – Set One; and (b) Plaintiff Donna Morgan's Requests for Admission to Defendant Michael Bash – Set One.  (*Id*.; Exhs. A, B.)

3.     The initial deadline for responding to the RFAs was July 13, 2020. FED. R. CIV. P. 36(a)(3).

4.     On July 2, 2020, Byron Thomas, counsel for Michael Bash and Jeremy Bash, requested a two-week extension of time for his clients to respond to the discovery requests, including the RFAs.  (*Id*. ¶ 3.)  Plaintiff's counsel granted the request, extending the response deadline to July 27, 2020.

5.     On June 27, 2020, the day the responses were due, Mr. Thomas requested an additional three-day extension of the response deadline.  Plaintiff's counsel again granted the request, extending the deadline for Michael Bash and Jeremy Bash to respond to the written discovery, including the RFAs, to July 30, 2020.  (*Id*. ¶ 4.)

6.     On July 30, 2020, the date of the second extended deadline to respond to the discovery, Mr. Thomas informed Plaintiff's counsel by email that discovery responses would not be provided.  Mr. Thomas asserted that neither Michael Bash nor Jeremy Bash were obligated to respond because they were protected by the automatic stay imposed by the pending bankruptcy cases filed by Defendants

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Ninety-Five Fort Apache ("Fort Apache") Complex, LLC and Royal View, LLC ("Royal View").  (*Id*. ¶ 6; Exh. C.)

**B.    Admissions by Michael Bash.**

Michael Bash controlled Fort Apache, Berkley Enterprises, Inc. ("Berkley") and Pepperdine Enterprises, Inc. ("Pepperdine") from at least as early as 2008 through April 1, 2019, and controlled Royal View from March 18, 2011 through April 1, 2019.  (Hilton Decl. Exh. B; M. Bash RFAs No. 7-10, 104-105.)  On January 21, 2008, Michael Bash executed the Fort Apache Addendum on behalf of Fort Apache and Berkeley.  (*Id*.; M. Bash RFAs No. 1 and Exhibit A thereto.)  On March 18, 2011, Michael Bash executed the Royal View Addendum on behalf of Royal View and Pepperdine.  (*Id*.; M. Bash RFAs No. 2 and Exhibit B thereto.)

Starting in 2007, Michael Bash began soliciting investments from Plaintiff relating to real estate investments.  (*Id*.; M. Bash RFAs No. 56, 81-82.)  Michael Bash met in-person with Plaintiff in Los Angeles County, California, for the purpose of soliciting her investment in real estate ventures.  (*Id*.; M. Bash RFAs No. 82-85).  Specifically, Michael Bash met in-person with Plaintiff to solicit her investment in real estate investments at the Four Seasons Hotel at Beverly Hills, located at 300 Doheny Drive, Los Angeles, CA 90048 during the years 2007, 2008, 2010 and 2011.  (*Id*.; M. Bash RFAs No. 56, 82-85).

Michael Bash made untrue statements of material facts and omitted material facts to induce Plaintiff to invest in real estate entities controlled by Michael Bash (*Id*.; M. Bash RFAs No. 86-89).  Specifically, Michael Bash made untrue representations of material fact to induce Plaintiff to invest in Royal View.  (*Id*.; M. Bash RFAs No. 89.)  The untrue representations of material fact include Michael Bash's representation to Plaintiff that a guaranteed buyer had signed a binding letter of intent to purchase the Royal View real property.  (*Id*.; M. Bash RFAs No. 59.) In fact, there was no binding letter of intent from a buyer.  (*Id*.; M. Bash RFAs No. 60.) Michael Bash also represented that investing in Royal View was a "guaranteed

3

return investment." (*Id.*; M. Bash RFAs No. 110.) Michael Bash also made statements about the return she could expect to make if she invested in Royal View, which he admits were misleading. (*Id.*; M. Bash RFAs No. 90, 91.)

Michael Bash also made untrue statements and misleading omissions to Plaintiff regarding Fort Apache, including the representation that the Fort Apache property included a grocery store. (*Id.*; M. Bash RFAs No. 112.) Not only was that representation false, but the land use restrictions on the Fort Apache property prohibit the building of a grocery store or convenience store until at least the year 2040. (*Id.*; M. Bash RFAs No. 113, 114.) Michael Bash also represented to Plaintiff that an investment in Fort Apache was a "guaranteed return investment." (*Id.*; M. Bash RFAs No. 111.)

The above-described untrue representations and omissions made by Michael Bash were material to Plaintiff, in that she would not have made the investments in either Royal View or Fort Apache had the representations not been made and had the omissions not occurred. (Declaration of Donna Morgan ("Morgan Decl.") ¶ 10.) Based on the above-described untrue representations and omissions of material fact, Plaintiff invested an aggregate of One Hundred and Fifty Thousand Dollars ($150,000). Specifically, on January 21, 2008, Plaintiff invested $100,000 for limited liability company interests in Fort Apache. (*Id.* ¶ 3; Hilton Decl. Exh. B; M. Bash RFAs No. 1 and Exh. A thereto (Fort Apache Addendum)). On March 18, 2011, Plaintiff invested $50,000 for limited liability interests in Royal View. (*Id.* ¶ 4; Hilton Decl. Exh. B; M. Bash RFAs No. 2 and Exh. B (Royal View Addendum)).

### C.    Admissions by Jeremy Bash.

Jeremy Bash also was an officer of Berkley and Pepperdine from 2007 through 2019. (Hilton Decl. Exh. A; J. Bash RFAs No. 13, 14). Along with Michael Bash, Jeremy Bash controlled Fort Apache, Royal View, Berkley and Pepperdine from 2007 through 2019. (*Id.*; J. Bash RFAs No. 5-8, 105, 106.)

Starting in 2010, Jeremy Bash began soliciting investments from Plaintiffs into Royal View by telephone.  (*Id.*; J. Bash RFAs No. 78).  In 2011, Jeremy Bash met in person with Plaintiff in Los Angeles County, California, for the purpose of soliciting her investment in real estate ventures.  (*Id.*; J. Bash RFAs No. 79).  Specifically, Jeremy Bash met in person with Plaintiff to solicit her investment in Royal View at the Sherman Oaks Galleria Starbucks coffee shop, located at 15301 Ventura Blvd., Sherman Oaks, CA 91403 on March 14, 2011.  (*Id.*; J. Bash RFAs No. 82).

Jeremy Bash admits that he made misleading statements of material fact to Plaintiff to induce her to invest Royal View.  (*Id.*; J. Bash RFAs No. 90).  Specifically, Jeremy Bash made untrue representations of fact to Plaintiff, including in or around March 2011, when Jeremy Bash told Plaintiff that "a guaranteed buyer had signed a binding letter of intent" to purchase the Royal View Property (*Id.*; J. Bash RFAs No. 85).  In fact, there was no such binding letter of intent.  (*Id.*; J. Bash RFAs No. 86).  Jeremy Bash also admits that representations made in the Royal View Addendum about the encumbrances on the Royal View property were false.  (*Id.*; J. Bash RFAs No. 71.)  Jeremy Bash represented to Plaintiff that investing in Fort Apache was a "guaranteed return investment."  (*Id.*; J. Bash RFAs No. 108.)  And Jeremy Bash made statements to Plaintiff about the return she could expect to make if she invested in Royal View, which he admits were misleading.  (*Id.*; J. Bash RFAs No. 91, 92.)

Jeremy Bash also admits that he made misleading statements of material fact to Plaintiff in order to induce her to invest Fort Apache.  (*Id.*; J. Bash RFAs No. 89).  Jeremy.  Jeremy Bash admits that he omitted material facts to induce Plaintiff to invest in the real estate entities he controlled, Royal View and Fort Apache.  (*Id.*; J. Bash RFAs No. 88.)

The above-described untrue representations and omissions made by Jeremy Bash were material to Plaintiff, in that she would not have made the investments in

1 either Royal View or Fort Apache had the representations not been made and had

2 the omissions not occurred.  (Morgan Decl. ¶ 11.)  Based on the untrue

3 representations and omissions of material fact, Plaintiff invested an aggregate of

4 One Hundred and Fifty Thousand Dollars ($150,000).  Specifically, on January 21,

5 2008, Plaintiff invested $100,000 for limited liability company interests in Fort

6 Apache.  (*Id*. ¶ 9; Morgan Decl. Exh. B; M. Bash RFAs No. 1 and Exh. A thereto

7 (Fort Apache Addendum)).  On March 18, 2011, Plaintiff invested $50,000 for

8 limited liability interests in Royal View.  (*Id*. ¶ 9; Morgan Decl. Exh. B; M. Bash

9 RFAs No. 2 and Exh. B (Royal View Addendum)).

10 **III.    APPLICABLE LEGAL STANDARD.**

11       **A.    Legal Standard for Motion for Partial Summary Judgment.**

12       Summary judgment is proper if the pleadings, the discovery and disclosure

13 materials on file, and any affidavits show that there is no genuine issue as to any

14 material fact and that the movant is entitled to judgment as a matter of law.  *See*

15 FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the

16 absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

17 323 (1986). The moving party, however, has no burden to disprove matters on

18 which the non-moving party will have the burden of proof at trial.  The moving

19 party need only demonstrate to the Court that there is an absence of evidence to

20 support the non-moving party's case.  *Id*. at 325.

21       Under Rule 56 of the Federal Rules of Civil Procedure, "[a] party may move

22 for summary judgment, identifying each claim or defense – or the part of each claim

23 or defense – on which summary judgment is sought . . . ."  FED. R. CIV. P. 56(a).

24 "If the court does not grant all the relief requested by the motion, it may enter an

25 order stating any material fact—including an item of damages or other relief—that

26 is not genuinely in dispute and treating the fact as established in the case."  FED. R.

27 CIV. P. 56(g).  The Court can grant partial summary judgment on the issue of

28 liability only, leaving the issue of the amount of damages for trial.  *See id.; Freaner*

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   *v. Valle*, 966 F. Supp. 2d 1068, 1090 (S.D. Cal. 2013) (granting motion for partial

2   summary judgment and entering summary judgment as to liability only).

3        "Unanswered requests for admissions may be relied on as the basis for

4   granting summary judgment."  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.

5   2007) (citing *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).  That is

6   particularly relevant for this Motion, as the Bash Defendants were all duly served

7   with requests for admissions, but failed to respond timely (or at all) to those

8   Requests.

9        **B.    Liability Under California Securities Law.**

10       Plaintiff's Third and Fourth Claims for Relief are based on California

11   Corporations Code ("Corporations Code") sections 25401, 25501 and 25504.  (*See*

12   Complaint ¶¶ 83-87 (alleging claims under Cal. Corp. Code sections 25401 and

13   25501) and ¶ 88 (alleging "control person" liability under Cal. Corp. Code section

14   25504).  The Third Claim for Relief involves the sale of limited liability company

15   ("LLC") interests in Royal View, and the Fourth Claim for Relief involves the sale

16   of LLC interests in Fort Apache.

17       Corporations Code section 25401 prohibits the sale of securities "by means

18   of any written or oral communication which includes an untrue statement of a

19   material fact or omits to state a material fact necessary to make the statements

20   made, in the light of the circumstances under which the statements were made, not

21   misleading."  CAL. CORP. CODE § 25401.  The sale of membership interests in a

22   limited liability company is the sale of a "security" under the Corporations Code.

23   CAL. CORP CODE § 25019 ("Security" means any . . . interest in a limited liability

24   company . . . .")

25       Section 25501 is a corresponding section that establishes a private remedy for

26   damages and rescission based on § 25401 liability.  *See California Amplifier, Inc. v.*

27   *RLI Ins. Co.*, 94 Cal. App. 4th 102, 109, 113 Cal. Rptr. 2d 915 (2001). Section

28   25501 provides, in pertinent part, that:

7

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1       Any person who violates Section 25401 shall be liable to the person
2       who purchases a security from him or sells a security to him . . . unless
3       the defendant proves that the plaintiff knew the facts concerning the
4       untruth or omission or that the defendant exercised reasonable care and
5       did not know . . . of the untruth or omission.

6  CAL. CORP. CODE § 25501.

7       Corporations Code § 25504 imposes "control person" liability on those who
8  assist others in primary violations under the California Securities Act.  Corporations
9  Code § 25504 provides that

10       [E]very person who directly or indirectly controls a person
11       liable under § 25501 or § 25503, plus every partner in a firm so
12       liable, every principle executive officer or director of a
13       corporation so liable, every person occupying a similar status or
14       performing similar functions, every employee of a person so
15       liable who materially aids in the act or transaction constituting
16       the violation, and every broker-dealer or agent who materially
17       aids in the act or transaction constituting the violation, are also
18       liable jointly and severally with and to the same extent as such
19       person, unless the other person who is so liable had no
20       knowledge of or reasonable grounds to believe in the existence
21       of the facts by reason of which liability is alleged to exist.

22  CAL. CORP. CODE § 25504.

23  **IV.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT REGARDING**
24       **THE BASH DEFENDANTS' LIABILITY UNDER THE THIRD AND**
25       **FOURTH CLAIMS FOR RELIEF.**

26       **A.  Michael Bash's Liability as Control Person.**

27       The admitted facts establish conclusively that Michael Bash is liable under
28  Corporations Code section 25504 as a "control person" for Royal View's and Fort

8

Apache's violations of Corporations Code sections 25401 and 25501.  Michael Bash "controlled" Fort Apache, Berkley and Pepperdine from at least as early as 2008 through April 1, 2019, and "controlled" Royal View from March 18, 2011 through April 1, 2019.  (Hilton Decl. Exh. B; M. Bash RFAs No. 7-8, 104-105.)

Starting in 2007, Michael Bash solicited investments from Plaintiff relating to real estate investments he controlled.  (*Id*.; M. Bash RFAs No. 56, 81-82).  Michael Bash met in-person with Plaintiff in Los Angeles County, California, for the purpose of soliciting her investment in real estate ventures.  (*Id*.; M. Bash RFAs No. 56, 82-85).

It is conclusively established that Michael Bash made untrue statements of material facts and omitted material facts to induce Plaintiff to invest in real estate entities he controlled.  (*Id*.; M. Bash RFAs No. 86-89).  Specifically, Michael Bash made untrue representations of material fact to induce Plaintiff to invest in Royal View.  (*Id*.; M. Bash RFAs No. 89.)  The untrue representations of material fact include Michael Bash's representation to Plaintiff that a guaranteed buyer had signed a binding letter of intent to purchase the Royal View real property.  (*Id*.; M. Bash RFAs No. 59.) In fact, there was no binding letter of intent from a buyer.  (*Id*.; M. Bash RFAs No. 60.)

Michael Bash also represented that investing in Royal View was a "guaranteed return investment."  (*Id*.; M. Bash RFAs No. 110.)  That representation is actionable under California Corporations Code section 25401 and 25501.  *See Moss v. Kroner*, 197 Cal. App. 4th 860, 866, 873; 129 Cal. Rptr. 3d 220, 222 (2011) (statements that investments had "zero risk" and "offered guaranteed returns" were statements of fact sufficient to state claim for violation of Corporations Code section 25401.)  Michael Bash also made statements to Plaintiff about the return she could expect to make if she invested in Royal View, which he admits were misleading.  (*Id*.; M. Bash RFAs No. 90, 91.)

9

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Michael Bash also made untrue statements of fact and misleading omissions regarding Fort Apache.  Michael Bash also represented to Plaintiff that the Fort Apache property included a grocery store.  (*Id.*; M. Bash RFAs No. 112.)  That statement was false, as the land use restrictions on the Fort Apache property prohibit the building of a grocery store or convenience store until at least the year 2040.  (*Id.*; M. Bash RFAs No. 113, 114.)  Michael Bash made the same "guaranteed return" representation to Plaintiff about Fort Apache as he made about Royal View.  (*Id.*; M. Bash RFAs No. 111.)

The above-described untrue representations and omissions made by Michael Bash were material to Plaintiff.  ("Morgan Decl." ¶ 10.)  Based on the untrue representations and omissions of material fact, Plaintiff invested $100,000 to purchase Fort Apache LLC interests, and $50,000 to purchase Royal View LLC Interests.  (*Id*. ¶ 9; Morgan Decl. Exh. B; M. Bash RFAs No. 2 and Exh. B (Royal View Addendum)).

### B.    Jeremy Bash's Liability as Control Person.

Jeremy Bash also was an officer of Berkley and Pepperdine from 2007 through 2019.  (Hilton Decl. Exh. A; J. Bash RFAs No. 13, 14).  And Jeremy Bash "controlled" Fort Apache, Royal View, Berkley and Pepperdine from 2007 through 2019.  (*Id.*; J. Bash RFAs No. 5-8, 105, 106.)

Starting in 2010, Jeremy Bash began soliciting investments from Plaintiffs into Royal View by telephone.  (*Id.*; J. Bash RFAs No. 78.)  Jeremy Bash met in-person with Plaintiff in Los Angeles County, California, for the purpose of soliciting her investment in real estate ventures.  (*Id.*; J. Bash RFAs No. 79, 82).

Jeremy Bash admits that he made misleading statements of material fact to Plaintiff to induce her to invest in Royal View.  (*Id.*; J. Bash RFAs No. 90).  Specifically, Jeremy Bash made untrue representations of fact to Plaintiff, including in or around March 2011, when Jeremy Bash told Plaintiff that "a guaranteed buyer had signed a binding letter of intent" to purchase the Royal View Property (*Id.*; J.

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Bash RFAs No. 85). In fact, there was no such binding letter of intent. (*Id*.; J. Bash RFAs No. 86). Jeremy Bash also admits that representations made in the Royal View Addendum about the encumbrances on the Royal View property were false. (*Id*.; J. Bash RFAs No. 71.) Jeremy Bash also made statements about the return she could expect to make if she invested in Royal View, which he admits were misleading. (*Id*.; J. Bash RFAs No. 91, 92.)

It is also conclusively established that Jeremy Bash made misleading statements of material fact to Plaintiff in order to induce her to invest Fort Apache. (*Id*.; J. Bash RFAs No. 89). Among other things, Jeremy Bash represented that investing in Fort Apache was a "guaranteed return investment. (*Id*.; J. Bash RFAs No. 108.) Jeremy Bash admits that he omitted material facts to induce Plaintiff to invest in the real estate entities he controlled, Royal View and Fort Apache. (*Id*.; J. Bash RFAs No. 88.)

The above-described untrue representations and omissions made by Jeremy Bash were material to Plaintiff. ("Morgan Decl." ¶ 11.) Based on the untrue representations and omissions of material fact, Plaintiff invested $100,000 to purchase Fort Apache LLC interests, and $50,000 to purchase Royal View LLC Interests. (*Id*. ¶ 4; Hilton Decl. Exh. B; M. Bash RFAs No. 2 and Exh. B (Royal View Addendum)).

## V.    CONCLUSION.

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Partial Summary Judgment finding that liability is established

/ / /

/ / /

/ / /

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1    against Jeremy Bash and Michael Bash on Plaintiff's Third and Fourth Claims for

2    Relief.

3

4    Dated:  August 13, 2020                    **ONE LLP**

5

6                                              /s/ Lawrence J. Hilton
                                              Lawrence J. Hilton (pro hac vice)

7

8                                              Attorneys for Plaintiff
                                              DONNA MORGAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**