LAWRENCE J. HILTON (pro hac vice)
lhilton@onellp.com
One LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA  92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

David R. Koch (NV Bar #8830)
dkoch@kochscow.com
KOCH & SCOW LLC
11500 S. Eastern Avenue, Suite 210
Henderson, NV  89052
Telephone:   (702) 318-5040
Facsimile:    (702) 318-5039

Attorneys for Plaintiff
DONNA MORGAN

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DONNA MORGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BASH, an individual; JEREMY BASH, an individual; JANICE MCCOWN, an individual; BERKLEY ENTERPRISES, INC., a Nevada corporation; PEPPERDINE ENTERPRISES, INC., a Nevada corporation; NINETY-FIVE FORT APACHE COMPLEX, LLC, a Nevada limited liability company; ROYAL VIEW, LLC, a Nevada limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00546-JAD-BNW<br><br>**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S THIRD AND FOURTH CLAIMS FOR RELIEF**<br><br>Complaint Filed:       April 1, 2019 |

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.  INTRODUCTION.

Plaintiff Donna Morgan's Motion for Partial Summary Judgment should be granted. Defendants Jeremy Bash and Michael Bash (the "Bash Defendants") make two arguments in their Opposition to the Motion, and both of those arguments are unavailing.

First, the Bash Defendants attempt to contradict the factual grounds relied upon by Plaintiff in her Motion. But those facts were deemed admitted by the Bash Defendants' failure to respond timely (or at all) to Plaintiff's Rule 36 Requests for Admissions, and those admissions have not been withdrawn. The Bash Defendants therefore are bound by the deemed admissions.

After filing their Opposition, the Bash Defendants filed a motion to withdraw the deemed admissions. If the Court is inclined to consider that motion, it should continue the hearing on Plaintiff's Motion so that Plaintiff can fully address the issue of whether the admissions should be withdrawn. Not only does Plaintiff believe she can show prejudice from withdrawal of the admissions, but even if the Bash Defendants could meet both requirements of Rule 36(b), the rule is "permissive" and does not mandate withdrawal of the admissions. *Conlon v. United States*, 474 F.3d 616, 624-25 (9th Cir. 2007). Moreover, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

Second, the Bash Defendants argue that a Nevada choice-of-law provision in the parties' contracts is a waiver of Plaintiff's right to assert claims under California securities laws. That argument fails because the securities claims do not involve "the validity, construction, performance and affect" of the Agreements, and even if they did, California securities law claims cannot be waived by a choice-of-law clause or private agreement.

## II. DEFENDANTS' DEEMED ADMISSIONS HAVE NOT BEEN WITHDRAWN.

The Bash Defendants' denials of the facts supporting Plaintiff's Motion are unavailing, as the facts are deemed admitted due to the Bash Defendants' failure to respond to Plaintiff's discovery requests, including requests for admissions. (*See* Declaration Of Lawrence J. Hilton In Support Of Motion For Partial Summary Judgment (Doc. # 64-1). After filing their Opposition, and six weeks after Plaintiff's Motion was filed based on the deemed admissions, and nearly four months after the requests for admissions were served on June 9, 2020, the Bash Defendants finally filed a motion to withdraw the admissions. (Doc. # 74.)

Plaintiff believes her Motion should be granted based on the deemed admissions and the dilatory actions of the Bash Defendants. *See Hall v. Mt Terrace Aoao*, No. 16-00552 JMS-KSC, 2017 U.S. Dist. LEXIS 184360, at *9 (D. Haw. July 12, 2017) (denying motion to withdraw admissions "filed approximately one month after Defendants filed their motion for summary judgment" and finding that "[g]ood cause is therefore lacking for the delay.") (citing *United States v. $24,059.00 in U.S. Currency*, No. CV06-2100-PHX-MHM, 2008 U.S. Dist. LEXIS 6618, 2008 WL 249080, at *8 (D. Ariz. Jan. 28, 2008) ("Claimant has not shown good cause for the delay in responding to the Government's request for admissions . . . . [T]he Court will exercise its discretion under Rule 36(b) and deny Claimant's motion to withdraw or amend the matters admitted under Rule 36(a)"). But if the Court is inclined to allow the motion to withdraw admissions to proceed, it should delay making a ruling on Plaintiff's Motion so that she can fully address all of the reasons why the admissions should not be withdrawn.

## III. DEFENDANTS' CHOICE-OF-LAW ARGUMENT IS WRONG.

The Bash Defendants' choice-of-law argument is also misguided. Defendants rely on a governing law clause in the Limited Liability Company Purchase Agreements. Paragraph 6 of each agreement states that "[t]he laws of the State of

Nevada applicable to contracts made or wholly performed there shall govern the validity, construction, performance and affect of this Agreement." But that argument fails for at least two reasons.

First, the claims that are the subject of the Motion are the Third and Fourth Claims for Relief asserted in the Complaint, for violations of California Corporations Code sections 25410 and 25501. Those claims do not involve "the validity, construction, performance and affect of [the] Agreement[s]" and by the express terms of the contract they would fall outside the governing law clause.

Second, even if the governing law provision were applicable, it would be unenforceable to the extent it purported to waive the Plaintiff's rights to assert claims against the Bash Defendants for California securities law violations. *See Hall v. Superior Court*, 150 Cal. App. 3d 411, 197 Cal. Rptr. 757, 761-62 (1983). *Hall* is directly on point. In that case, the parties met at McCarran Airport in Las Vegas and entered into an agreement for the sale of stock. The agreement contained the following provision:

> This Agreement shall be deemed to have been made in and shall be governed by and enforced in accordance with the laws of the State of Nevada, and any litigation regarding the Agreement may only be brought in the State of Nevada.

*Id.*, 150 Cal. App. 3d at 414. Plaintiffs filed a lawsuit for violations of the California securities laws, and Defendants moved to stay or dismiss the action based on the governing law clause. The trial court granted the stay and Plaintiffs sought a writ of mandate. The California Court of Appeal granted the writ on the grounds that the governing law clause violated the anti-waiver provision of California Corporations Code section 25701 and was therefore unenforceable.[1] Likewise, in

---

[1] "Any condition, stipulation or provision purporting to bind any person acquiring any security to waive compliance with any provision of this law or any rule or order hereunder is void." CAL. CORP. CODE § 25701.

*Cabot Creekside 8 Ltd. Liab. Co. v. Cabot Inv. Props., Ltd. Liab. Co.*, No. CV 10-00937 MMM (Ex), 2011 U.S. Dist. LEXIS 163781, at *21 (C.D. Cal. Apr. 21, 2011), the court declined to enforce a choice-of-law provision mandating Georgia law on the grounds that it the cause violated Section 25701. The court stated:

> Section 25701 is the "cornerstone" of California's securities laws because it prevents parties from attempting to "waive or evade the application of California law to the transaction by private agreement." Application of the parties' choice of law provision, therefore, would impair California's strongly-expressed policy interests.

*Id*.

## IV.  CONCLUSION.

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Partial Summary Judgment finding that liability is established against Jeremy Bash and Michael Bash on Plaintiff's Third and Fourth Claims for Relief.

Dated:  October 1, 2020         **ONE LLP**

/s/ Lawrence J. Hilton
Lawrence J. Hilton (pro hac vice)

Attorneys for Plaintiff
DONNA MORGAN