# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Donna Morgan, | Case No. 2:19-cv-00546-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Michael Bash, et al., | |
| Defendants. | |

Before the Court is Defendants Michael and Jeremy Bash's (Defendants') Motion to Amend and/or Withdraw its Admissions. ECF No. 74. Plaintiff opposed the request, and Defendants replied. ECF Nos. 77, 78.

**I.  Factual and Procedural History**

On June 9, 2020, Plaintiff served over one hundred requests for admissions on Defendants. ECF No. 77-1 (Hilton Decl. ¶ 4); ECF No. 74 at 1. Defendants requested two extensions, which Plaintiff granted. ECF No. 77-1 at ¶¶ 6 & 7. Defendants' cited need for the extensions involved general COVID-19 concerns and the fact that Defendants belonged to a high-risk group, as well as health concerns of Defendants' counsel. ECF No. 74 at 2.

On July 30, 2020, the day the responses to the requests for admission were due, Defendants emailed Plaintiff stating that they would not respond to the requests for admissions—not due to any health-related issue, but because they were not obligated to do so. Specifically, Defendants chose to rely on an ostensible automatic stay derived from the notices of bankruptcy filed by Defendants Ninety-Five Fort Apache and Royal View. ECF No. 77-1 at ¶ 8. That same

day, Defendants Michael and Jeremy Bash filed a motion seeking clarification regarding the need to respond to the requests for admissions vis a vis the notices of bankruptcy. ECF No. 62.

On August 21, 2020, the Court provided such clarification and relied on long-standing Ninth Circuit law for its holding that the notices of bankruptcy did not stay any aspect of the case as to Defendants Michael and Jeremy Bash. ECF 66. Thus, those requests were deemed admitted.

Defendants now file this motion and request to withdraw their admissions. They first explain that Defendants and their counsel are still undergoing medical issues. Defendants also explain that they have limited access to electronic devices. Lastly, they argue that they did not ignore the deadlines to respond to the request for admissions; instead, they sought clarification regarding the need to respond given the notices of bankruptcy.

Plaintiff argues that Defendants' reasons for not responding are disingenuous. First, Plaintiff argues that Defendants have known about the notice of bankruptcy for Ninety-Five Fort Apache since October 24, 2019 and since June 5, 2020 for Royal View. Plaintiff argues that Defendants could have requested clarification much sooner than they did. In any event, Plaintiff argues that as of August 21, 2020 Defendants knew there was no automatic stay in place and Defendants waited more than a month to file the instant motion. Plaintiff notes that this caused delay, as well as forced Plaintiff to incur costs in filing the motion for summary judgment.

In its reply, Defendants explain that they sought clarification *before* the deadline to respond had expired. They also explain that the same reasons Defendants sought extensions to respond to Plaintiff's Motion for Summary Judgment justify their inability to file the instant motion sooner. Namely, defense counsel's health condition due to two car accidents and the heavy load that falls on solo practitioners.

**II.     Analysis**

A failure to timely respond to a request for admissions results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3). As stated by Judge Dorsey, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Lewis v. Caesars Ent't Corp.*, 2018 WL 2741041, at *3 (D. Nev. June 7, 2018).

Rule 36(b) provides a reprieve from such danger and permits the court to grant the request for a withdrawal of such admission if 1) it would promote the presentation of the merits of the action and 2) the court is persuaded that it would not prejudice the nonmovant in maintaining or defending the action on the merits. Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it "may" allow withdrawal, but is not required to do so under the text of Rule 36(b). Although the rule itself is permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis. Accordingly, a district court's failure to consider these factors will constitute an abuse of discretion. *See Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). However, in deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits.

### A. First Factor: Promoting the Presentation of the Merits of the Action

The first half of Rule 36(b)'s two-part test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622. The party seeking withdrawal of its admissions bears the burden of satisfying the first prong of the test. *See, e.g.*, *McCurry v. Bank of Am., N.A.*, 2017 WL 2259979, *6 (D. Nev. May 23, 2017). While not necessarily case-dispositive, district courts have found a sufficient showing is made when admissions go to core issues that would in large part resolve the case. *See Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, 2012 WL 5392230, at *2 (D. Ariz. Nov. 5, 2012).

Here, Defendants argue that Plaintiff filed a motion for summary judgment based solely on the fact that Defendants failed to answer the requests for admission. There around 100 admissions, many of which address facts central to the merits of this case. Accordingly, Defendants met their burden to show that withdrawal of the admissions will promote the presentation of this case on its merits.

### B. Second Factor: Prejudice to Plaintiff in Maintaining or Defending the Action on the Merits

Since Defendants met their burden with respect to the presentation on the merits, the Court turns to whether Plaintiff established prejudice in allowing withdrawal. "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth.'" *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (*quoting Brook Village N. Assocs. v. Gen. Elec. Co.,* 686 F.2d 66*, 70* (1st Cir. 1982))." "'Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id*. However, reliance on admissions in preparing for summary judgment does not constitute prejudice. *Conlon*, 474 F.3d at 624. Prejudice is more likely to be found where the motion for withdrawal is made during trial or when a trial is imminent. *Hadley*, 45 F.3d at 1348.

Here, the reasons Plaintiff present to explain why they have been prejudiced include (1) the cost of filing a motion for summary judgment and the response to the instant motion, and (2) the delay Defendants caused. As explained above, these reasons do not constitute prejudice—they do not show the difficulty Plaintiff will now face in proving her case. While delay is a factor the Court may consider, and it will below, it does not consider it in relation to the prejudice prong. In short, Plaintiff has not established prejudice.

### C. Court's Discretion to Grant Relief

Having found that the elements required for relief have been met, the Court analyzes whether it should exercise its discretion to grant relief.

#### i. Good Cause for Delay

The Court is troubled by Defendants' conduct. While in their reply Defendants rely on health-related issues for the failure to respond on time, the timeline of this case reveals that the true reason for not responding is their reliance on the notion that an automatic stay was in place. It is also worth noting that Plaintiff had shown her willingness to extend deadlines in the past and,

had Plaintiff denied Defendants' request, Defendants could have moved the Court if health issues prevented them from responding.

Instead, it appears quite clear that, at least as of July 30, 2020, Defendants failed to respond because they assumed that an automatic stay was in place, which the Court ultimately rejected. As convinced as Defendants seemed to have been that an automatic stay relieved them of the need to respond, the better practice would have been to obtain such clarification well before the responses were due. Here, Defendants had ample time prior to July 30, 2020 (the date responses were due) to seek that clarification; the notices of bankruptcy were filed on October 24, 2019 and June 5, 2020; the requests for admissions were served on Defendants on June 9, 2020.

Further, while Defendants argue that they sought clarification *before* the responses were due, Plaintiff's uncontroverted declarations state that the motion for clarification was filed *the same day* responses were due. Nowhere in that motion did Defendants seek an extension from the Court to respond to the requests for admissions while the motion was pending. *See* ECF No. 62. Even more problematic, Defendants still waited more than a month after the Court made clear that no stay was in place to file the instant motion. While defense counsel explains that he has been in two car accidents and also alludes to the burdens solo practitioners face in explaining why Defendants waited until September 25, 2020 to file the instant motion, these same variables were in place when the motion for clarification and the instant motion were filed.

### ii. Strength of Case

Neither party provided briefing on this subject. As a result, the Court does not take this factor into account.

## III. Conclusion

The Court acknowledges that Defendants' request is not made in the middle of trial and that no trial date has been set in this case, which are factors other courts have considered in permitting the moving party to withdraw admissions. Yet, as explained above, Defendants have not shown good cause either as to the delay in responding or as to filing of the instant motion. Allowing Defendants to withdraw the admissions would reward them for waiting until the last possible minute to seek clarification and for waiting over a month after receiving clarification to

file for relief. "Trial courts [have been] advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). The Court exercises such caution here and denies Defendants motion.

**IT IS THEREFORE ORDERED** that Defendants' motion to withdraw (ECF No. 74) is DENIED.

**IT IS FURTHER ORDERED** that the hearing scheduled for 11/10/2020 is VACATED.

DATED: November 10, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE