**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Donna Morgan, | Case No. 2:19-cv-00546-JAD-BNW |
| Plaintiff, | |
| v. | **Report & Recommendation re ECF No. 96** |
| Michael Bash *et al*., | |
| Defendants. | |

Before the Court is Plaintiff's motion to enter judgment in accordance with the previous settlement agreement and confession of judgment. ECF No. 96. No opposition has been filed.

**I.     Procedural and Factual Background**

On June 2, 2021, Plaintiff and Defendants Jeremy Bash and Michael Bash attended a Settlement Conference before the undersigned and reached an agreement. ECF No. 90. The terms of the settlement provided that these two Defendants (and their entities) would pay Plaintiff the sum of $150,000, and that the sum would be discounted to $120,000 if they paid all monthly payments by the specified dates. ECF No. 96 at 2. This Court's notes of the settlement discussion and agreements reflect the same.

On October 14, 2021, the settling Defendants' initial settlement payment of $12,500 was due. The payment was not made. The settling Defendants asked to extend the payment deadline to October 18, 2021. But the payment was not made on that date.

On October 19, 2021, the settling Defendants signed a confession of judgment in the amount of $150,000. ECF No. 96-4.

Plaintiff now moves this Court for an entry of judgment in her favor and against Defendants Jeremy Bash and Michael Bash, and the entities they own and control, Defendants Berkley Enterprises, Inc. and Pepperdine Enterprises, Inc., jointly and severally, in the amount of $150,000.

## II. Analysis

"'[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.'" *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case." *Peyman v. Rayan*, No. 2:09-CV-01384-KJD, 2011 WL 4527932, at *1 (D. Nev. Sept. 28, 2011) (citation omitted).

First, the Court notes that the settling Defendants have not opposed this motion. As a result, the Court grants it as unopposed under LR 7-2(d). In addition, as alluded to above, the terms of the agreement represented by Plaintiffs align with the notes this Court took during the settlement agreement and the e-mails of the parties confirming the agreement. Lastly, the settling Defendants have signed the confession judgment in question. For all of those reasons, the Court recommends that the motion be granted.

## III. Conclusion and Recommendation

For the reasons discussed more fully above, **IT IS THEREFORE RECOMMENDED** that the district court GRANT the motion to enter judgment in favor of Plaintiff Donna Morgan and against Defendants Jeremy Bash and Michael Bash, and the entities they own and control, Defendants Berkley Enterprises, Inc. and Pepperdine Enterprises, Inc., jointly and severally, in the amount of $150,000 (ECF No. 96).

**IT IS FURTHER RECOMMENDED** that settling Defendants shall be entitled to deduct any payments that they made to Plaintiff on or after June 3, 2021, to the amounts due under this judgment.

DATED: December 6, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE